UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

IRA C. HOKE,

                               Petitioner,

      v.                                                 9:02-cv-516

DAVID L. MILLER,

                               Respondent.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

THOMAS J. McAVOY
Senior United States District Judge

## DECISION and ORDER

       This Court has been directed by the Second Circuit to determine whether Petitioner's notice of appeal can be construed as a motion for leave to reopen the time for filing an appeal pursuant to Fed. R. App. P. 4(a)(6) and, if so, whether such relief is warranted. For the following reasons, the Court finds that relief is not warranted under Rule 4(a)(6).

       Petitioner filed a motion pursuant to 28 U.S.C. § 2254. By Order dated August 6, 2007, the Court denied Petitioner's motion and also denied a certificate of appealability. Judgment was entered on August 6, 2007. Pursuant to Fed. R. Civ. P. 5(b), a copy of the judgment was electronically served on Petitioner's attorney, Michael J. Hutter, Jr. at mhutter@powers-santola.com. The electronic notice was sent on August 6, 2007. Rule 77(d), as amended in 2001, expressly authorizes service by electronic means. See Fed. R. Civ. P. 77(d) advisory committee notes to the 2001 amendments; see also Fed. R. Civ. P. 5(b)(1); 5(b)(2)(E); N.D.N.Y. General Order 22; N.D.N.Y. CM/ECF Registration Form (in

which the attorneys "consent to service by electronic means. . . ."). When he applied to be a user of the Court's electronic case filing system, Attorney Hutter consented to service by electronic means. Accordingly, notice of the judgment was served within 21 days of entry thereof and Petitioner cannot satisfy the requirement found at Fed. R. App. P. 4(a)(6)(A) (allowing for a motion only where "the court finds that the moving party did not receive notice under Federal Rule of Civil Procedure 77(d) of entry of the judgment or order sought to be appealed within 21 days after entry."). See Ryan v. Firsrt Unum Life Ins. Co., 174 F.3d 302, 305 (2d Cir. 1999).

For the foregoing reasons, to the extent the Notice of Appeal may be construed as a motion to reopen the time to file an appeal pursuant to Fed. R. App. P. 4(a)(6), the motion must be denied.

IT IS SO ORDERED.

Dated: April 22, 2009

Thomas J. McAvoy
Senior, U.S. District Judge